Artash **JEYRANYAN,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 05–75136.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008 *.

Filed Sept. 30, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Jeyranyan's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Artem M. Sarian, Esquire, Glendale, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Lee Quinn, Esquire, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Artash Jeyranyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision while adding its own reasons, we review both decisions. *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

■ The BIA acted within its authority and did not violate Jeyranyan's due process rights when it made an alternate finding that, even if credible, Jeyranyan had failed to establish eligibility for relief. *See* 8 C.F.R. § 1003.1(d)(3).

■ Jeyranyan's three-hour detention, threats, and beating do not compel a finding of past persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1017–20 (9th Cir. 2006). Because Jeyranyan did not establish past persecution, he is not entitled to the rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). In addition, sub-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stantial evidence supports the agency's determination that Jeyranyan failed to establish an objective basis for a well-founded fear of future persecution. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). Therefore, Jeyranyan did not establish eligibility for asylum. *See* 8 C.F.R. § 1208.13(b).

■ Because Jeyranyan failed to establish eligibility for asylum, he necessarily failed to demonstrate eligibility for withholding of removal. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001).

Substantial evidence also supports the agency's denied of CAT relief because Jeyranyan did not show that it is more likely than not he would be tortured if he returned to Armenia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.